# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-10398

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2025

Lyle W. Cayce
Clerk

James Hawthorne,

*Plaintiff—Appellant*,

*versus*

Birdville Independent School District,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-301

———————————————————————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

James Hawthorne, a person who identifies as a white male, alleges hostile work environment and retaliation claims under Title VII against his previous employer, Birdville Independent School District ("BISD"). The district court granted BISD's motion for summary judgment. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10398

## I. Background

During Hawthorne's employment, he was subject to inappropriate comments from his supervisor, Shelley Freeman.  Once or twice a week, Freeman told Hawthorne about her sexual relationship with her husband, but "not in graphic detail."  Freeman discussed her sex life with "anyone who would listen," including men and women.  When asked about details of the conversations during a deposition, Hawthorne could not provide any.  But these talks, according to Hawthorne, made him "dread[]" going to work.

Additionally, Hawthorne suspected that BISD paid him less because of his gender, so he asked human resources to "review and let [him] know" his salary for the upcoming year.  He did not mention his suspicions of unequal pay in his inquiry.  Hawthorne had an administrative assistant who had concerns about Hawthorne's conduct and reported those concerns at a time after Hawthorne's pay inquiries.  Following an investigation, BISD reassigned Hawthorne to a lower-paying position.  Hawthorne later resigned.

Hawthorne alleges that Freeman's actions constituted a hostile work environment, and the investigation and reassignment were in retaliation for his salary inquiry.  BISD moved for summary judgment, and the district court granted the motion.  Hawthorne appeals.

## II. Standard of Review

We review a district court's summary judgment order de novo. *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 414 (5th Cir. 2021).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2

No. 24-10398

## III. Analysis

### A. Hostile Work Environment

To establish a claim of hostile work environment under Title VII, Hawthorne must prove that he "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [gender]; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quotation omitted).  Hawthorne's claim falls flat on the fourth element, so we need not address the others.[1]

"To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1003 (5th Cir. 2022).  "The harassment must consist of more than 'simple teasing, offhand comments, and isolated incidents (unless extremely serious).'" *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 401 (5th Cir. 2013) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

---

[1] While we need not address the other factors, Freeman made the same comments to both genders, suggesting she did not target Hawthorne based on gender even though she was discussing physical sex.

Hawthorne does not present enough evidence to create a genuine dispute of material fact over severe or pervasive harassment. Hawthorne's evidence lacks basic details about the timeframe of the alleged harassment or the extent to which Freeman's remarks were physically threatening or humiliating. When asked for an example of the allegedly harassing discussions during a deposition, Hawthorne could not provide specifics. *See Nitkin v. Main Line Health*, 67 F.4th 565, 571 (3d Cir. 2023) (disregarding vague statements of inappropriate comments when the plaintiff could not provide concrete details). Further, Hawthorne explained that the conversations with Freeman were "not in graphic detail." Although Hawthorne says he changed the subject when these conversations occurred, he does not describe requesting that they stop. Vague allusions to inappropriate conversations, without details about the conversations other than that they were not graphic, is not enough to survive summary judgment.

Hawthorne suggests that Freeman's supervisor, Katie Bowman, contributed to the hostile work environment. He argues that Bowman's investigation of Hawthorne contributed to the hostile work environment. However, Bowman did not lead the investigation and instead took direction from human resources. Hawthorne does not direct us to any conduct by Bowman that constitutes sexual harassment, so his allegations against Bowman do not save his claim. Accordingly, Hawthorne fails to satisfy his burden at summary judgment for this claim.

## B. Retaliation

To establish a prima facie case of retaliation, Hawthorne must show "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021) (quotation

omitted). Hawthorne's claim fails on the first element. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) ("Summary judgment is appropriate if the plaintiff cannot support all three elements.").

An employee engages in a protected activity when he opposes an employment practice that he reasonably believes violates Title VII. *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 224 (5th Cir. 2023). Hawthorne claims BISD retaliated against him after he submitted inquiries to human resources, which stated: "I'm requesting a review on my salary," and "[p]lease review and let me know my . . . salary for 20[2]1-2022 school year."

We have rejected claims premised on generic complaints that do not specify how the treatment is unlawful. *See Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam) ("We have consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."); *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (per curiam) (stating that plaintiff must "specify[] why the treatment is unfair"); *Harris-Childs v. Medco Health Sols., Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (per curiam) (noting that plaintiff never "specifically complained of racial or sexual harassment, only harassment"). Hawthorne does even less. He merely "request[ed] a review on [his] salary." That request did not *complain* of unfair treatment, much less specify that any unfair treatment was because of his gender. We thus affirm the district court's dismissal of the retaliation claim.

## IV. Conclusion

Because there is no genuine dispute as to any material fact, and BISD is entitled to judgment as a matter of law on the hostile work environment and retaliation claims which were appealed, we AFFIRM.